UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL DIAZ,<br><br>        Plaintiff,<br><br>-against-<br><br>LOUIS LOPEZ, et al.,<br><br>        Defendants. | 1:25-CV-10731 (LTS)<br>1:25-CV-10733 (LTS)<br><br>BAR ORDER UNDER<br>28 U.S.C. § 1915(g) |
| MIGUEL DIAZ,<br><br>        Plaintiff,<br><br>-against-<br><br>HON. LEWIS LIMAN, et al.,<br><br>        Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Miguel Diaz, who is currently incarcerated in the United States Penitentiary in Victorville, California, filed both of the above-captioned actions *pro se*, while he was incarcerated in the Big Sandy United States Penitentiary in Inez, Kentucky, and seeks *in forma pauperis* ("IFP") status in both actions. By order dated April 9, 2026, the Court: (1) noted that, while Plaintiff has been a prisoner, he has filed three or more federal civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted; and (2) directed Plaintiff to show cause by declaration, within 30 days, explaining any reason why he is not barred from filing the above-captioned actions and any future federal civil actions IFP as a prisoner pursuant 28 U.S.C. § 1915(g). (ECF 7.) The Court warned Plaintiff that, if he did not show cause, or if he failed to respond to that order, the Court would recognize him as barred from proceeding IFP as a prisoner under Section 1915(g) in the above-captioned

actions and in future federal civil actions, deny Plaintiff's IFP applications for the above-captioned actions, and dismiss the above-captioned actions without prejudice. (*Id.*)

On May 5, 2026, the Court received declarations from Plaintiff for both of the above-captioned actions. (ECF 1:25-CV-10731, 8; ECF 1:25-CV-1033, 9.) But neither declaration provides a sufficient reason as to why Plaintiff is not barred from proceeding IFP as a prisoner in the above-captioned actions and in any future federal civil actions under Section 1915(g). Accordingly, the Court issues this order recognizing Plaintiff as barred from proceeding IFP as a prisoner under Section 1915(g) in the above-captioned actions and in future federal civil actions, denying Plaintiff's IFP applications for the above-captioned actions, and dismissing the above-captioned actions without prejudice.

### CONCLUSION

The Court finds that, while Plaintiff has been a prisoner, he has filed three or more federal civil actions or appeals deemed "strikes" because they were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted. Because Plaintiff has not shown cause why he is not barred, under 28 U.S.C. § 1915(g), from proceeding IFP as a prisoner in the above-captioned actions and in any future federal civil actions, unless he is under imminent danger of serious physical injury, the Court recognizes him as so barred. *See* 28 U.S.C. § 1915(g). As discussed in the Court's April 9, 2026 order, Plaintiff has alleged nothing to suggest that either of the above-captioned actions are eligible for the statutory exception to the Section 1915(g) filing bar. Accordingly, the Court denies Plaintiff's IFP applications for both of the above-captioned actions and dismisses both of the above-captioned actions without prejudice.[1] The Court therefore denies any motion pending in either of the above-captioned actions.

---

[1] Plaintiff may commence a new federal civil action as a prisoner by paying the fees to bring such an action. If Plaintiff does so, his complaint commencing such an action will be

The Court warns Plaintiff that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing both of the above-captioned actions for the reasons set forth in this order.

SO ORDERED.

Dated:    May 7, 2026
          New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge

---

reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss any federal civil action filed by a prisoner against a governmental entity or against a governmental officer or employee if such action: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).